HARRISON ET ALS. *vs.* FAULK ET ALS.

APPEAL FROM THE COURT OF THE SEVENTH DISTRICT, THE JUDGE OF THE
DISTRICT PRESIDING.

A slave which is paraphernal property belonging to the wife, cannot be sold for the state and parish taxes assessed against the husband, although the slave in question be included in the assessment.

The circumstance of a separation of property between the husband and wife, in which the latter obtained a judgment against her husband for a specific sum in money, does not alter the situation of the paraphernal or extra dotal property of the wife which remained to her in kind.

The verdict of the jury will be considered as responding to the issues made by the pleadings, when there is any doubt as to its application, unless it clearly expresses the contrary.

On the 30th of October, Jemima Harrison, with the authorisation of her husband, instituted her suit in the parish of Washita for the recovery of a negro girl named Icy, as a part of her extra dotal or paraphernal property, which she alleges was hired to the defendant Faulk, who refuses to give her up. She prays for delivery of the girl and five hundred dollars in damages for her detention. A supplemental petition was filed, alleging that Faulk had sold the negro girl to one Martin Tilman, and prays to have her sequestered. Faulk pleaded a general denial; and further, that he purchased the negro girl in contest, of general Hughes, who purchased her at a public sale for the state and parish taxes, made by the sheriff of Washita. She was seized and sold for the taxes due by Benjamin Harrison and Jemima Harrison his wife. The slave in question was one on which the taxes were assessed. That the defendant has, since his purchase, and before notice of suit, sold the girl to Martin Tilman.

General Hughes purchased the girl at sheriff's sale for thirty-seven dollars and fifty cents, and a few months afterwards sold her to Faulk for four hundred dollars, who sold her to Tilman for the same sum.

The plaintiff, Mrs. Harrison, claims the negro girl as a part of her paraphernal property. She sets up a judgment of

WESTERN DIST.
October, 1831.

HARRISON
ET ALS.
vs.
FAULK ET ALS.

separation of property from her husband, dated October 27th, 1827. The judgment decrees her a certain sum, and not property in kind.

The girl in contest was sold for the state and parish taxes of 1826. The taxes were assessed in the name of Benjamin Harrison, the husband, and the sale made in May, 1827. On the first trial there was a verdict in favor of the plaintiff. A new trial was granted. On the second trial the plaintiff again had a verdict for the negro girl, and two hundred and ten dollars in damages against Faulk alone. There was judgment. The defendants appealed.

*Flint*, for the plaintiff, urged:

1. That the property sold as the property of B. Harrison, was sold to pay his taxes. This could not be done so as to destroy the right of the wife in it, when it is known to be paraphernal property, and belonged to her exclusively.

2. It is not admitted that slaves can be sold to pay taxes.

3. Slaves cannot at any rate be sold until after all the personal property is exhausted; which was not done in this case, previous to the seizure of the slave in dispute, as appears from the testimony on record.

*Winn*, for defendants.

1. The wife had no title, as was evidenced by the judgment in the case of herself against her husband for a separation of property.

2. But if she ever had title, Faulk become invested with it by virtue of the sheriff's sale for the taxes. 2 *Moreau's Digest*, 453, § 11–12; 456, § 20; 459, § 29. *Code of Practice*, article 644–5.

3. The damages allowed by the jury were excessive. Faulk being in possession by virtue of a *bona fide* title translative of property. *Louisiana Code*, 494–5, 1314, 1316. 1 *Martin, N. S.* 297. 3 *Touillier, no.* 75. *Dom. liber* 3, title 4, § 4, article 13. *Ibid, liber* 3, title 5, § 3.

4. The judge *a quo* should have continued the cause on Faulk's affidavit, consequently it ought to be remanded, if Faulk's title is denied.

WESTERN DIST.
October, 1831.

HARRISON
ET ALS.
vs.
FAULK ET ALS.

A slave which is paraphernal property belonging to the wife, cannot be sold for the state and parish taxes assessed against the husband, although the slave in question be included in the assessment.

The circumstance of a separation of property between the husband & wife, in which the latter obtained a judgment against her husband for a specific sum in money, does not alter the situation of the paraphernal or extra dotal property of the wife which remained to her in kind.

The verdict of the jury will be considered as responding to the issues made by the pleadings, when there is any doubt as to its application, unless it clearly expresses the contrary.

*Mathews, J.* delivered the opinion of the court.   This suit is brought by the wife, assisted by her husband, to recover from the defendants a certain negro girl described in the petition, to which she sets up title as a slave for life, and claimed damages against the defendant Faulk on account of the illegal detention by him of said slave.

The record contains no answer except that of Faulk, who after a general denial, alleges title to the slave in question, and states that he had sold her to Tilman previous to the service of citation.

The cause has been twice tried in the court below, a new trial having been granted; and the present appeal is taken by the principal defendant only, from a verdict and judgment rendered, on the last trial by which the plaintiff recovered the slave and two hundred dollars damages.

The evidence on the part of the appellee, Mrs. Harrison, proves title in her, as derived by inheritance from one Micajah Ratliffe, a deceased relation.   In opposition to this title the defendant relies on one obtained by a sale for taxes, as transmitted to him through John Hughes, the purchaser at public sale.   The sale of the slave now in contest was made to satisfy taxes assessed against Harrison, the husband, and must consequently have been sold as his property, and the purchaser under it acquired only the right and title which he had.   But as the property is shown to be paraphernal and exclusively that of the wife, it is clear that the husband had no title.   Therefore the purchaser obtained none—could transmit none to Faulk, who must as a necessary consequence be considered without title.

The circumstance of a separation of property between Harrison and wife, in which the latter obtained a judgment against the former for a specific sum in money, has no effect on the situation of the paraphernal or extra dotal property of the wife, which remained to her in kind.

With regard to the alleged discrepancy between the verdict of the jury and the judgment thereon rendered in relation to the damages assessed, we are unable to perceive it.   Damages were prayed against the defendant Faulk alone.   The verdict must be presumed to respond to the issue made by the

WESTERN DIST.
*October*, 1831.

pleadings; and this as it respected injury or damage done to the plaintiff, relates to that defendant, who by the judgment of the District Court has been decreed to make reparation.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.